**STATE of Tennessee, Appellee,**

v.

**Larry G. PERRY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 19, 1981.

Permission to Appeal Denied by Supreme Court Nov. 16, 1981.

---

Bart Durham, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., David L. Raybin, Robert A. Strong, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

The sole issue in this appeal of right is whether defendant's Fifth and Fourteenth

may be warranted in the clear absence of any evidence as required by T.C.A. § 39–3703.

Amendment rights to be free from compulsory self-incrimination were violated by a police detective's testimony over objection that defendant refused to participate in a lineup.

With no attack on the sufficiency of the evidence supporting appellant's fifteen-year sentence for committing the offense of robbery with a deadly weapon, it suffices for us to relate the following.

On the afternoon of October 10, 1979, the appellant with a codefendant robbed at gunpoint the Pizza Hut restaurant located at 888 Murfreesboro Road in Nashville. The codefendant, testifying as a witness for the State, identified appellant as the armed holdup man. The appellant was also identified pre-trial and at trial by employees of the restaurant.*

The appellant denied the robbery, and his alibi defense that he was working at the time of the crime was obviously rejected as evidenced by the verdict of the jury.

From the record we glean that a prior trial of the appellant for committing the offense resulted in a mistrial. The appellant, anticipating that the State would develop the appellant's refusal to be placed in a lineup at the re-trial, filed a pre-trial motion to suppress which the trial court denied.

During the trial *sub judice*, the State's attorney asked the investigating officer if appellant's counsel had been contacted relative to a physical lineup of his client. The officer testified that counsel for appellant would not produce the defendant and hence the issue that is before us.

It is appellant's urging that the refusal introduced into evidence violated his Fifth and Fourteenth Amendment rights to be free from compulsory self-incrimination. The State counters citing *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), pointing out that under those authorities compelling a person to exhibit his body to a prosecution witness before trial

does not involve any Fifth Amendment violation.

While we are satisfied that an accused may be compelled to attend a lineup, we are not satisfied that as here his attorney's refusal to allow him to be placed in a lineup is probative and therefore competent. See *Crawley v. State*, 219 Tenn. 707, 413 S.W.2d 370, 373, 374 (Tenn.1967). Under these circumstances the only inference the jury could draw from the refusal was an inference of guilt. Further, we are mindful of the thrusting fact that it was not appellant's refusal that went undisturbed to the jury but it was the refusal of appellant's attorney. We hold the trial court erred in allowing the attorney's refusal to allow appellant to participate in the lineup into evidence. However, with two employees of the Pizza Hut identifying appellant as the armed holdup man, coupled with the codefendant Williams identifying appellant as participating in the holdup, we are satisfied the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

The judgment of the trial court is affirmed.

O'BRIEN and DUNCAN, JJ., concur.

## ORDER ON PETITION TO REHEAR

There has been a petition to rehear filed by the appellant, T.R.A.P. 39(a)(1)(3)(4).

It presents nothing overlooked or misstated by the court. The prior mistrial of appellant and the total time the jury may or may not have deliberated before being discharged would not support a rehearing.

The petition is denied.

---

* The pre-trial identification occurred while viewing photographic displays.